IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JARREAU A. AYERS, | : |
| Plaintiff, | : |
| v. | : Civ. No. 19-1738-LPS |
| DELAWARE DEPARTMENT OF JUSTICE, et al., | : |
| Defendants. | : |

**MEMORANDUM ORDER**

At Wilmington, this 2<u>N</u>T day of June, 2021, having considered Plaintiff's requests for counsel (D.I. 24, 27) and letter/motion for an extension of time to respond to Defendants' motion to dismiss (D.I. 27);

IT IS ORDERED that: (1) Plaintiff's requests for counsel (D.I. 24, 27) are DENIED without prejudice to renew; (2) Plaintiff's motion for an extension of time (D.I. 27) is GRANTED and he shall file a response to Defendants' motion to dismiss on or before **July 30, 2021**; (3) Plaintiff is placed on notice that his failure to timely file a response to the motion to dismiss will result in dismissal of the case; and (4) the Clerk of Court is directed to provide Plaintiff a copy of Defendants' motion to dismiss and opening brief (D.I. 22, 23), for the following reasons:

Plaintiff Jarreau A. Ayers ("Plaintiff") appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4) His March 8, 2021 motion seeks counsel due to extreme circumstances because he was diagnosed with COVID, placed on lockdown, and housed in a restrictive housing unit. (D.I. 24) Plaintiff states that he is now afraid to be placed in a small unsanitized room that is shared with other inmates who use the computer and who could be COVID positive. (*Id.*).

On June 4, 2021, the Court ordered Plaintiff to file an answering brief to Defendants' motion to dismiss that had been filed on February 19, 2021. (D.I. 27). On the same date, Plaintiff

filed another request for counsel and a motion to extend time to respond to the motion to dismiss. (D.I. 27). Plaintiff explained that there was a mail delay in receiving the motion to dismiss and, when Plaintiff sent the motion to the law library for a copy to show the Court the delay, the prison lost Defendants' brief. Plaintiff provided documentation that the documents were indeed misplaced. Plaintiff renews his request for counsel on the grounds that the issues are complex, there restraints placed upon him as an inmate, and due to the adverse effects of COVID-19 on Plaintiff's ability to read and properly focus. (*Id.*).

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel. *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155; *see also See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989)(§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting his request for counsel. After reviewing Plaintiff's complaint, the Court concludes that the case is not so factually or legally complex that requesting an attorney is warranted. In addition, Plaintiff has shown the ability to represent himself in this case. In light of the foregoing, the Court will deny without prejudice to renew Plaintiff's request for counsel. The Court will also give Plaintiff additional time to respond to Defendants' motion to dismiss and will order the Clerk of Court to provide Plaintiff with a copy of the motion and its supporting memorandum.

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE