## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

JARREAU A. AYERS,                          :
                                           :
        Plaintiff,                        :
                                           :
v.                                         : Civ. No. 19-1738-LPS
                                           :
COMMISSIONER PERRY PHELPS, et al.,         :
                                           :
        Defendants.                       :

---

Jarreau A. Ayers, SCI Phoenix, Collegeville, Pennsylvania. Pro Se Plaintiff.

Anna Elizabeth Currier, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants Perry Phelps, David Pierce, Phillip Parker, James Scarborough, Robert May, and Marc Richman.

Arthur D. Kuhl, Esquire, and Matthew Robert Hindley, Esquire, Reger Rizzo & Darnell LLP, Wilmington, Delaware. Counsel for Defendant Jeffery Carrothers.

## MEMORANDUM OPINION

September 13, 2021
Wilmington, Delaware

**STARK, U.S. District Judge:**

## I.   INTRODUCTION

Plaintiff Jarreau A. Ayers ("Plaintiff"), a former inmate at James T. Vaughn Correctional Center ("JTVCC") in Smyrna, Delaware, now housed at SCI Phoenix in Collegeville, Pennsylvania, filed this action on January 17, 2019, pursuant to 42 U.S.C. § 1983.[1] (*See* D.I. 1, 2, 3)  He appears *pro se* and proceeds *in forma pauperis*. (D.I. 4)  Before the Court is a motion to dismiss filed by Defendants Perry Phelps ("Phelps"), Warden David Pierce ("Pierce"), Deputy Warden Phillip Parker ("Parker"), Deputy Warden James Scarborough ("Scarborough"), Warden Robert May ("May"), and Medical Director Marc Richman ("Richman") (collectively "Moving Defendants"). (D.I. 22)  Plaintiff opposes.

## II.   BACKGROUND

Plaintiff was one of several inmates who filed a consolidated Complaint in *Staats v. Phelps*, Civ. No. 19-101-LPS.  The Complaint, docketed in the instant action at Docket Item 3, alleged civil rights violations pursuant to 42 U.S.C. § 1983, claimed excessive force in connection with the February 2017 JTVCC uprising, and also asserted a claim for denial of medical care in violation of Plaintiff's Eight Amendment rights.  (D.I. 3)  Upon screening, the Court dismissed the Complaint as frivolous and for failure to state claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) and § 1915A(b)(1) and severed the case into five individual cases, one of which was opened on behalf of Plaintiff. (*See* D.I. 1, 2)  Plaintiff was given leave to file an Amended Complaint, limited to Count I,

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

assault by CERT Team during the February 2017 uprising, and Count II, denial of medical care. (*Id.*)

Plaintiff filed an Amended Complaint on November 4, 2019 that names the Moving Defendants as well as Defendants Major Jeffery Carrothers ("Carrothers") and Connections ("Connections").[2] The Amended Complaint alleges civil rights violations pursuant to 42 U.S.C. § 1983 in violation of the Eighth and Fourteenth Amendment for deliberate indifference, medical negligence,[3] denial of proper medical care, and denial of the grievance process in violation of the Due Process Clause. (D.I. 6 at 6)

Plaintiffs' claims arise from the February 2017 inmate uprising that took place at JTVCC. On March 30, 2017, Plaintiff was transported to an offsite medical provider to evaluate problems with Plaintiff's left knee (i.e., ACL tear and medial/lateral meniscus tears) that caused persistent pain and instability. (D.I. 6 at 8) Surgery on the left knee was scheduled in May of 2017. (*Id.*) On May 19, 2017, Plaintiff submitted a sick call slip complaining of a skin rash, was transported to medical, and while there he asked about the status of his knee surgery. (*Id.* at 20) Medical told Plaintiff that he would be referred to the provider for an evaluation. (*Id.*)

---

[2] Carrothers filed an answer to the Amended Complaint. (D.I. 21) A January 13, 2020 order provided for service upon Connections. (D.I. 9) To date, Connections has not answered or otherwise appeared.

[3] Medical negligence claims were previously dismissed. (D.I. 1, 2) Plaintiff was not given leave to amend the negligence claims. To the extent Plaintiff intends to allege medical negligence, the claims are stricken from the Amended Complaint for the reasons discussed in the Court's September 16, 2019 Memorandum Opinion and Order. (*Id.*)

At some point, Plaintiff was transferred to Sussex Correctional Institution ("SCI"). While there he submitted medical grievances on October 31, 2017,[4] December 10, 2017, December 7, 2017, and May 20, 2018. (D.I. 6 at 21, 22, 25) The October 31, 2017 grievance was denied with the following comments: "The decision was made that the offender's security classification outweighed the need for surgery and an alternative treatment plan has been in place. Grievant is directed to discuss his concerns with the treating providers." (*Id.* at 26) Plaintiff appealed and Richman denied the grievance. (*Id.* at 26)

The December 7, 2017 grievance complained of pain Plaintiff was forced to endure. (*Id.* at 28) The grievance was denied "in accordance with policy and in the interest of the safety and security of the institution." (*Id.* at 29) The December 10, 2017 grievance complained that Plaintiff was approved for surgery and that Plaintiff's healthcare was being denied because of security and asked that security approve Plaintiff to receive proper healthcare. (*Id.* at 22) The outcome of the grievance was not included in the exhibits provided by Plaintiff.

The May 10, 2018 grievance complained that Plaintiff was being retaliated against by the security decision-makers, citing denial of Plaintiff's surgery for security reasons. (*Id.* at 21) The grievance was denied with the following comments: "Deny, medical determines medical care not security. If medical deems surgery is appropriate they will order." (*id.* at 23); "I concur with the Committee. Medical treatment is determined by the contractor, not security." (*id.* at 24).

Plaintiff seeks declaratory relief that Defendants violated his constitutional rights, injunctive relief, compensatory damages in the amount of $300,000, punitive damages, court costs, and any other relief the Court deems appropriate. (*Id.* at 12-13)

---

[4] The October 31, 2017 grievance is not included with the exhibits Plaintiff submitted.

3

Moving Defendants seek dismissal on the grounds that: (1) May was previously dismissed as a defendant for lack of personal involvement; (2) Plaintiff has no constitutional right to a grievance procedure; (3) the § 1983 claims are impermissibly based on respondeat superior and fail to establish personal involvement; (4) Plaintiff has not pled facts to support a denial of medical care claim against moving Defendants; and (5) the claims against moving Defendants are barred by sovereign immunity. (D.I. 23)  Plaintiff opposes. (D.I. 38)

## III.   LEGAL STANDARDS

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if

doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

## IV.    DISCUSSION

### A.    Sovereign Immunity

Plaintiff names Moving Defendants in their official capacities. The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). "[A] suit against a state official in his or her official capacity is not a

5

suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citations omitted); *Ali v Howard*, 353 F. App'x 667, 672 (3d Cir. 2009). Accordingly, 42 U.S.C. § 1983 claims for monetary damages against a state official in his official capacity are barred by the Eleventh Amendment (absent consent). *See id.*

The State of Delaware has neither consented to Plaintiff's suit nor waived its immunity. Therefore, the Court will grant the motion to dismiss the claims raised against Moving Defendants in their official capacities.

### B.    Grievances

Plaintiff alleges deliberate indifference in the grievance process that supports his claims of deliberate indifference and medical neglect and negligence of May and Richman. (D.I. 6 at 8) To the extent that Plaintiff bases his claims upon his dissatisfaction with the grievance procedure or denial of his grievances, the claims fail because an inmate does not have a "free-standing constitutional right to an effective grievance process." *Woods v. First Corr. Med., Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). Plaintiff cannot maintain a constitutional claim based upon his perception that his grievances were not properly processed, that they were denied, or that the grievance process is inadequate. The grievance claims will be dismissed.

### C.    Medical Care/Personal Involvement/Respondeat Superior

Moving Defendants seek dismissal of the denial of medical care on the grounds that May was previously dismissed as a defendant for lack of personal involvement, and the medical claims are

impermissibly based on respondeat superior and fail to establish the requisite personal involvement necessary to impose liability.

Liability in a 42 U.S.C. § 1983 action is personal in nature; to be liable, a defendant must have been personally involved in the wrongful conduct. In other words, defendants are "liable only for their own unconstitutional conduct." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *rev'd on other grounds sub nom. Taylor v. Barkes*, 575 U.S. 822 (2015). Hence, respondeat superior cannot form the basis of liability. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005); *see also Alexander v. Forr*, 297 F. App'x 102, 104-05 (3d Cir. 2008) (instructing that constitutional deprivation cannot be premised merely on fact that defendant was prison supervisor when incidents set forth in complaint occurred). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

"'There are two theories of supervisory liability, one under which supervisors can be liable if they established and maintained a policy, practice or custom which directly caused the constitutional harm, and another under which they can be liable if they participated in violating plaintiff's rights, directed others to violate them, or, as the persons in charge, had knowledge of and acquiesced in their subordinates' violations.'" *Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 n.5 (3d Cir. 2010)).

The Amended Complaint does not contain allegations of personal involvement by Phelps, Pierce, Parker, and Scarborough. Nor do the Amended Complaint's conclusory allegations suffice to show supervisory liability by the forgoing defendants. In addition, prison administrators like May are not deliberately indifferent "simply because they failed to respond directly to the medical

7

complaints of a prisoner who was already being treated by the prison doctor." *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993). "If a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Spruill v. Gillis*, 372 F.3d at 236 (discussing *Durmer*, 991 F.2d at 69). "[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Id.* at 236. Exhibits submitted by Plaintiff indicate that medical treatment is determined by the medical contractor. The allegations do not indicate that May had reason to believe Plaintiff was not being treated or was mistreated.

The Amended Complaint fails to allege the required personal involvement of Defendants May, Phelps, Pierce, Parker, and Scarborough. Defendants' motion will be granted as to these Defendants.

## D.    Medical Needs

Finally, Defendants move to dismiss the Amended Complaint for Plaintiff's failure to plead facts to support a denial of medical care claim. The Amended Complaint alleges that recommended surgery was delayed and/or denied based upon security concerns.

A delay or denial of medical treatment claim is approached differently than an adequacy of care claim. *See U.S. ex rel. Walker v. Fayette Cty.*, 599 F.2d 573, 575 n.2 (3d Cir. 1979).

> Unlike the deliberate indifference prong of an adequacy of care claim (which involves both an objective and subjective inquiry), the deliberate indifference prong of a delay or denial of medical treatment claim involves only one subjective inquiry – since there is no presumption that the defendant acted properly, it lacks the objective, propriety of medical treatment, prong of an adequacy of care claim. Absent that objective inquiry, extrinsic proof is not necessary for the jury to find deliberate indifference in a delay or

8

> denial of medical treatment claim. All that is needed is for the
> surrounding circumstances to be sufficient to permit a reasonable
> jury to find that the delay or denial was motivated by non medical
> factors.

*Pearson v. Prison Health Serv.*, 850 F.3d 526, 537 (3d Cir. 2017).

The exhibits indicate that medical opted for an alternative treatment plan rather than surgery. They also indicate that Plaintiff's security classification outweighed the need for surgery. Clearly, Plaintiff's security classification is a non-medical factor. The Amended Complaint does not indicate who made the decision, but the exhibits indicate that Richman agreed with it. Liberally construing the Amended Complaint, as the Court must, Plaintiff has alleged a denial/delay of medical care against Richman. Accordingly, Defendants' motion to dismiss will be denied as to this claim.

## V.    CONCLUSION

For the above reasons, the Court will: (1) grant in part and deny in part Defendants' motion to dismiss (D.I. 22); and (2) will dismiss May, Phelps, Pierce, Parker, and Scarborough and the claims against them. The matter proceeds against Richman on the delay/denial of medical care and on the claims against Carrothers.

An appropriate Order will be entered.

9