IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JARREAU A. AYERS,<br><br>    Plaintiff,<br><br>v.<br><br>MARC RICHMAN, *et al.*,<br><br>    Defendants. | C.A. No. 19-1738-JLH |

## MEMORANDUM ORDER

At Wilmington, this 31st day of August, 2022, having considered Plaintiff's motions for summary judgment (D.I. 44, 54), motions to withdraw his motions for summary judgment (D.I. 57, 69), letter/motion requesting settlement negotiations (D.I. 45), letters/motions requesting a Rule 26(f) conference and to proceed with discovery (D.I. 48, 53, 68, 77, 78, 79), and motions for appointment of counsel (D.I. 52, 67), and Defendant Carrothers's motion for judgment on the pleadings (D.I. 47);

IT IS ORDERED that Defendant Carrothers's motion for judgment on the pleadings (D.I. 47) is GRANTED for the following reasons:

Defendant Carrothers's motion for judgment on the pleadings is based on his contention that Plaintiff's amended complaint fails to state a claim. "A motion for judgment on the pleadings based on the defense that the plaintiff has failed to state a claim is analyzed under the same standards that apply to a Rule 12(b)(6) motion." *Revell v. Port Auth. of N.Y. & N.J.*, 598 F.3d 128, 134 (3d Cir. 2010). Plaintiff has not opposed the motion, and the Court concludes that it should be granted. At the time of the events alleged in the amended complaint, Defendant Carrothers was Security Superintendent of the James T. Vaughn Correctional Center. The Eleventh Amendment

of the United States Constitution protects a non-consenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought.  *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996).  Accordingly, 42 U.S.C. § 1983 claims for monetary damages against a state official in his official capacity are barred by the Eleventh Amendment (absent consent).  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The State of Delaware has neither consented to Plaintiff's suit nor waived its immunity. Accordingly, Plaintiff cannot proceed against Defendant Carrothers in his official capacity.

Nor can Plaintiff proceed against Defendant Carrothers in his individual capacity. Liability in a § 1983 action is personal in nature; to be liable, a defendant must have been personally involved in the wrongful conduct.  In other words, defendants are "liable only for their own unconstitutional conduct."  *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *rev'd on other grounds sub nom. Taylor v. Barkes*, 575 U.S. 822 (2015). Plaintiff's amended complaint does not contain any allegations of personal involvement by Carrothers.  It puts forth no facts specific to him at all; rather, the amended complaint suggests that Carrothers is being sued due to his position as Security Superintendent.  (*See* D.I. 6 (Amended Complaint) 4 (alleging that Carrothers was "legally responsible for the inmates at [JTVCC]").)  Accordingly, Plaintiff cannot maintain a § 1983 claim against Carrothers in his individual capacity.  The claims against Carrothers will be dismissed.[1]

IT IS FURTHER ORDERED that, only with respect to Defendant Richman:[2] (1) Plaintiff's motions to withdraw his motions for summary judgment (D.I. 57, 69) are GRANTED, and

---

[1] Plaintiff has leave to amend his claim against Defendant Carrothers within 21 days.

[2] Pursuant to section 362 of the Bankruptcy Code, 11 U.S.C. § 362, Plaintiff's claims against Defendant Connections Community Support Programs, Inc. are stayed.  (*See* D.I. 43, 63)

Plaintiff's motions for summary judgment (D.I. 44, 54) are deemed withdrawn; (2) Plaintiff's motion for settlement negotiations (D.I. 45) is DENIED without prejudice to the ability of any party to request a mediation referral after summary judgment motions are fully briefed; (3) Plaintiff's requests for a Rule 26(f) meeting and to proceed with discovery (D.I. 48, 53, 68, 77, 78, 79) are GRANTED-IN-PART and DENIED-IN-PART; and (4) Plaintiff's requests for appointment of counsel (D.I. 52, 67) are DENIED, for the following reasons:

Because Plaintiff is incarcerated, the parties are not required to engage in a Rule 26(f) conference. *See* Fed. R. Civ. P. 26(a)(1)(B)(iv), (f)(1). Accordingly, the Court denies Plaintiff's request for a Court order requiring Defendants to participate in a Rule 26(f) conference. Plaintiff and Defendant Richman agree that the Court should enter a scheduling order. (D.I. 56, 68, 77.) The Court will separately enter a scheduling order governing Plaintiff's claim against Defendant Richman. Plaintiff's request for an expedited trial is denied. Plaintiff's motions for discovery from Defendant Richman (D.I. 78, 79) shall be deemed requests for discovery filed with the Court pursuant to Local Rule 5.4(a); Defendant Richman shall respond in accordance with the Federal Rules of Civil Procedure and the Local Rules. The record before the Court suggests that mediation is unlikely to be fruitful at this time. Any party may request a mediation referral after the record is further developed, *i.e.*, when summary judgment motions are fully briefed.

A *pro se* litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *See Tabron*, 6 F.3d at 155. After passing this threshold inquiry, the Court considers a number of factors when assessing a request for counsel. These include: (1) the merits of the plaintiff's

3

claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498–99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155–56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

Assuming, solely for the purpose of deciding Plaintiff's request for appointment of counsel, that his claims have merit in fact and law, several of the *Tabron* factors militate against granting his request at this time. A review of the docket indicates that the issues are not complex. In addition, to date, the filings demonstrate Plaintiff's ability to articulate his claims and represent himself. In light of the foregoing, the Court will deny Plaintiff's request for counsel without prejudice to renew at a later stage of the case once the record is further developed. Should the need for counsel arise later, Plaintiff may seek counsel at that time.

_____
THE HONORABLE JENNIFER L. HALL
UNITED STATES MAGISTRATE JUDGE